PEOPLE ex rel. RHODES v. MOLE et al.

(Supreme Court, Appellate Division, Second Department.   June 5, 1903.)

1. TRIAL—ADMISSION OF COUNSEL.
   On mandamus to compel a board of audit to audit a claim, the certificate recited that the board had examined the account and rejected it, "the said account having been objected to, and claimant having been notified that the claim was objected to, and having declined to furnish any proof except the affidavit attached to the claim." One of the auditors testified that the certificate stated in substance what took place; that the claimant was requested to give further proof and refused to do so, and counsel for the board stated that the claim was not rejected on evidence, but because the plaintiff failed to produce any evidence. *Held,* that the statement of counsel was properly deemed an admission which the trial court was entitled to consider.

2. TOWN BOARD OF AUDIT—REJECTION OF CLAIM—GROUNDS.
   Where a town board of auditors rejected a claim because the claimant, after notice, refused to offer other evidence than the affidavit required by Town Law (Laws 1890, p. 1235, c. 569) § 167, there was in fact a refusal to audit the claim, so that mandamus would lie to compel the board to perform its duty in that respect.

3. SAME—MANDAMUS—FORM OF ORDER.
   An order directing the board to "reaudit" the bill was technically erroneous, and should be modified by substituting the word "audit."

Appeal from Special Term, Nassau County.

Mandamus by the people, on the relation of Alexander R. Rhodes, against George Mole and others, as the board of audit of the town of Hempstead, to compel respondents to audit relator's bill for services as deputy sheriff. From an order granting the writ, respondents appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Fred Ingraham, for appellants.
Harry G. Clock, for respondent.

WILLARD BARTLETT, J. The propriety of the final order which this appeal brings up for review depends upon the question whether the bill of the relator has ever yet been audited by the board of town auditors of Hempstead. The learned judge before whom the issues arising upon the return to the alternative writ of mandamus were tried has held that the defendants refused to audit said bill or claim, and rejected it only "because the claimant did not submit evidence in proof of it when requested to do so, and only because of his failure to do so." If this finding is supported by the evidence, the final order is right; because, while the court has no power to direct by mandamus the disposition which town auditors shall make of a claim submitted to them for their action, its authority to compel them to act upon the claim and pass upon its merits one way or the other is unquestionable.

In the present case the account of the relator was made out in items, and accompanied by the affidavit required by section 167 of the town law. Laws 1890, p. 1235, c. 569, § 167. The certificate of the

board of town auditors recites that they have examined the account and have wholly rejected the same. It continues:

"The said account having been objected to by a taxpayer of the town, and the claimant having been notified that the said claim was so objected to, and after being given an opportunity to prove his claim before the auditors, he declined to furnish any proof except the affidavit attached to said claim."

Upon the trial one of the town auditors, who was sworn as a witness for the defendants, testified that the certificate stated in substance what took place; that the relator was requested to give further proof, and refused; that the board proceeded to examine the claim; and that there was no evidence before the auditors except the affidavit on the claim.

In addition to this evidence it appears that, in answer to a question from the court, counsel for the defendants stated that the claim was not rejected on evidence, but because the plaintiff failed to produce any evidence. This statement, under the circumstances, must be deemed an admission in behalf of the defendants which the trial court was entitled to take into consideration in its determination of the case. It established a fact not contradictory of the testimony to which I have referred, but in qualification and limitation thereof, and showed that the rejection of the relator's claim was not based upon any determination as to its merits, but was induced solely by reason of the relator's failure to appear before the board and offer evidence in support of his claim. A rejection of the account under such circumstances and for the reason assigned was not really any audit at all. It was tantamount to a refusal to audit, and was rightly so regarded by the trial court.

In reference to the functions of town auditors in cases of this kind, it has been said by the Court of Appeals: "Such board is a statutory tribunal or court to hear and to allow or reject any claims presented against the town. The examination of the account is the trial, and its allowance or disallowance is the judgment of this tribunal." People ex rel. Myers v. Barnes, 114 N. Y. 317, 323, 20 N. E. 609, 21 N. E. 739. If nothing more appeared in the present case than that the town auditors had examined the account and wholly rejected it, it could not be said that such rejection was a failure to audit. Where, however, the proof shows that although there was an examination the claim was rejected, not as the result of such examination, but because the claimant declined to offer further proof than that contained in the statutory affidavit, it is manifest that there has been no such audit as the law requires.

As the relator's right to relief is based upon the conclusion that there has not as yet been any audit whatever, there is a technical error in the final order in the direction that the appellants shall "reaudit" the bill of the relator. The order should be modified by substituting the word "audit," and, as thus modified, affirmed, with costs. All concur.